CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 10, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AARON JAMES BRENNAN, | ) | |
|    Plaintiff, | ) | Case No. 7:25-cv-00755 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| J. SISK, et al., | ) | Senior United States District Judge |
|    Defendants. | ) | |

## MEMORANDUM OPINION

Aaron James Brennan, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against two correctional officials at Keen Mountain Correctional Center: Hearings Officer J. Sisk and Warden Israel Hamilton. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

### I.     Background

According to the complaint, on June 10, 2025, Brennan was terminated from his prison kitchen job and charged with Virginia Department of Corrections (VDOC) Offense Code 131 (possession or use of unauthorized communication devices). Compl., ECF No. 1, at 4. Five other inmates assigned to the area of the kitchen in which the unauthorized device was found received the same charge. Id. Brennan was notified of the charge at approximately 7:30 p.m. on June 10, 2025, but he did not receive a copy of the disciplinary offense report at that time. Id.

The following day, Brennan submitted a witness request form and two evidence request forms. Id. Brennan alleges that all three requests were denied and that he did not receive a

copy of the charge prior to his disciplinary hearing. Id. at 4–5. During the disciplinary hearing, Brennan argued that the failure to provide a copy of the charge violated VDOC Operating Procedure 861.1 and his right to due process. Id. Brennan also argued that he was charged with the wrong offense code and that he had not worked in the area in which the device at issue had been found in four months. Id. at 5. Hearings Officer Sisk rejected Brennan's arguments and found him guilty of the offense. Id. at 5. Brennan appealed the conviction, and Warden Israel upheld Sisk's decision. Id.

In the present action, Brennan claims that he was denied due process in connection with the disciplinary charge. He seeks to recover "$50/week" in "backpay since [his] termination." Id. at 8. He also seeks an order requiring that the disciplinary conviction be removed from his inmate record and that he be transferred to a Level III correctional facility. Id.

## II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.     Discussion

Brennan filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Brennan claims that he was denied due process in connection with the disciplinary offense with which he was charged. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248

3

(4th Cir. 2015). In the absence of a protected liberty or property interest, "there can be no federal procedural due process claim." Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007).

In Wolff v. McDonnell, 418 U.S. 539 (1974), "the Supreme Court considered how prison disciplinary hearings must be structured in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004). "The Supreme Court held that in a disciplinary proceeding in which an inmate's liberty interests are at stake, government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action." Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019). The Supreme Court "further recognized that, in such proceedings, an inmate has a qualified right 'to call witnesses and present documentary evidence in his defense.'" Id. (quoting Wolff, 418 U.S. at 566).

The procedural protections outlined in Wolff apply only when a disciplinary action implicates a protected interest. See Bd. of Regents v. Roth, 408 U.S. 564, 570, (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). A protected liberty interest may arise from the Constitution itself or through state laws or policies. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To establish a state-created liberty interest, an inmate in Virginia must "point to a Virginia law or policy providing him with an expectation of avoiding the conditions of his confinement and demonstrate that those conditions are harsh and atypical in relation to the ordinary incidents of prison life." Prieto,

4

780 F.3d at 252; see also Sandin v. Conner, 515 U.S. 472, 481–82 (1995). "[P]roperty interests 'are created . . . by existing rules or understandings that stem from an independent source such as state law.'" Brown v. Stapleton, 142 F.4th 252, 256 (4th Cir. 2025) (quoting Roth, 408 U.S. 577). "To have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577.

Here, Brennan asserts that he lost his prison job as a result of the disciplinary charge and that the charge is preventing him from transferring to a Level III prison. However, neither of these consequences implicates the protections afforded by the Due Process Clause. Appellate courts, including the United States Court of Appeals for the Fourth Circuit, have long held that an inmate does "not have a constitutionally protected liberty or property interest in his prison job," and Brennan does not point to any state law or policy that confers a legitimate claim of entitlement to continued employment while in the custody of the VDOC. Backus v. Ward, No. 98-6331, 1998 WL 372377, at *1 (4th Cir. June 8, 1998) (citing Sandin, 515 U.S. at 486–87; Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)); see also DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000); James v. Quinlan, 866 F.2d 627, 629–30 (3d Cir. 1989). Similarly, the Constitution itself confers no protected interest in being classified at a particular security level, see Meachum v. Fano, 427 U.S. 215, 225 (1976), and Brennan does not plausibly allege that he has a state-created liberty interest in being classified at a particular security level or housed in a specific correctional facility.

In short, Brennan's complaint does not set forth facts from which the court could reasonably conclude that he was deprived of a protected liberty or property interest as a result

5

of the challenged disciplinary action. Consequently, the complaint fails to state a claim for denial of due process. See Cartagena v. Lovell, 103 F.4th 171, 184 (4th Cir. 2024) ("[B]ecause he failed to plead a liberty interest, the Due Process Clause requires no process . . . .").

### IV.  Conclusion

For the reasons stated, the complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: February 10, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.10 11:06:43
-05'00'

Michael F. Urbanski
Senior United States District Judge